L.Ed. 791 (1917) ("[T]he United States is neither bound nor estopped by acts of its officers or agents in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit.").

Sustaire was a government employee who took bribes and engaged in fraud, crimes for which he was convicted. There is no dispute that Sustaire's acts were unauthorized. Thus, the threshold requirement for applying equitable estoppel against the government is not satisfied in this case.

## VI.

▮▮▮▮ Petitioner also requests remand to the BIA so she may thereby file a second motion to reopen. A motion to reopen must, among other things, state the new facts to be considered at the reopened hearing and be supported by affidavits or other evidentiary materials demonstrating *prima facie* eligibility for the relief sought. 8 C.F.R. § 1003.2(c)(1). The BIA denied petitioner's initial request for reopening to apply for adjustment of status because she failed to submit a copy of an approved I–140 Form (a petition to adjust her status to an alien worker) or other documentation which would satisfy the regulatory requirements under 8 C.F.R. § 1003.2(c)(1). Although petitioner contends she has filed an I–140 Form, as was the case before, she did not include any documentation to show her application has been approved. Aliens who seek to remand or reopen proceedings to pursue relief bear a "heavy burden" of proving that, if proceedings were reopened, the new evidence would likely change the result in the case. *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992). Petitioner has not met this burden because she has failed to cure the defects that led to her motion to reopen being denied in the first place.

Further, aliens are entitled to file only one motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2) (providing that a party may file only one motion to reopen proceedings and that motion must be filed within 90 days after the date on which a final administrative decision was filed). Petitioner is now barred from filing a second motion to reopen. *Id.* Accordingly, petitioner's motion to remand to file a second motion to reopen is denied.

**DENIED.**

▮▮▮▮▮▮▮▮

**Armando MARMOLEJO–CAMPOS, aka Campos Ramos Armando, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–76644.

United States Court of Appeals, Ninth Circuit.

March 14, 2008.

Christopher J. Stender, Stender & Pope, PC, San Diego, CA, for Petitioner.

Surell Brady, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

**908**

## ORDER

KOZINSKI, Chief Judge:

Upon the vote of a majority of nonrecused active judges, it is ordered that this case be reheard en banc pursuant to Circuit Rule 35–3. The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit.

■

### UNITED STATES of America, Plaintiff–Appellee,

v.

Michael Lee SNELLENBERGER, aka Michael Lee Cutter, Michael Lee Davidson, Robert Eugene Frehly, Cutter Snellenberger, "Cutter", Defendant–Appellant.

No. 06–50169.

United States Court of Appeals, Ninth Circuit.

March 14, 2008.

Anne Gannon, Santa Ana, CA, Office of the U.S. Attorney, Michael J. Raphael, USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Gail Ivens, Federal Public Defender's Office, Los Angeles, CA, Kelley Lane Munoz, Federal Public Defender's Office, Santa Ana, CA, for Defendant–Appellant.

D.C. No. CR–05–00064–AHS, Central District of California, Santa Ana.

### ORDER

KOZINSKI, Chief Judge:

Upon the vote of a majority of nonrecused active judges, it is ordered that this case be reheard en banc pursuant to Circuit Rule 35–3. The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit.

■

### Steven FISHER, Plaintiff–Appellee,

and

### Sandra Fisher, Plaintiff,

v.

### CITY OF SAN JOSE, Defendant–Appellant,

and

City of San Jose Police Department; Officer Boler; Officer Barnett; Officer Correa; Officer Esquivel; Officer Honda; Officer Kinsworthy; Officer O'brien; Officer Ryan; Officer Nguyen, Defendants.

No. 04–16095.

United States Court of Appeals, Ninth Circuit.

March 14, 2008.

Dennis A. Lempert, Esq., Santa Clara, CA, Donald E.J. Kilmer, Jr., Esq., Law Offices of Donald Kilmer, San Jose, CA, for Plaintiff–Appellee.

Clifford S. Greenberg, Esq., San Jose City Attorney's Office, San Jose, CA, for Defendant–Appellant.

D.C. No. CV–01–21192–PVT, Northern District of California, San Jose.